## WALDRON, *Appellant,*
### *v.*
## THOMPSON et al, *Respondents.*
### (No. 94-740, SC 25222)
577 P2d 77

Burl L. Green, Portland, argued the cause for appellant. On the briefs were Robert W. O'Connor and Charles J. McClure, Tigard, and Green & Griswold, Portland.

Frank Whitaker, of Whitaker & Whitaker, P.C., Portland, argued the cause for respondents. With him on the brief was Kent C. Whitaker, Portland.

Before Denecke, Chief Justice, Tongue, and Bryson, Justices, and Richardson, Justice Pro Tempore.

BRYSON, J.

**BRYSON, J.**

Plaintiff brought this action to recover damages for injuries suffered when she was ejected from a golf cart. Plaintiff appeals from a judgment of involuntary nonsuit entered in favor of defendants.

Plaintiff's sole assignment of error is that the court erred in granting defendant's motion.

Defendant's motion for nonsuit concedes as true all competent evidence adduced on plaintiff's behalf with all reasonable intendments to be deduced therefrom. We view the evidence in the light most favorable to the plaintiff. *Bernard v. National Guaranty Ins.,* 270 Or 827, 829, 530 P2d 74 (1974).

Plaintiff was paying for and taking golf lessons from Thompson, the assistant professional at defendant golf course. Defendant Thompson was in the golf cart when plaintiff arrived for the lesson. Plaintiff testified, "he [Thompson] said, 'Jump in,' and I said, 'Jeepers, this is a new experience, I have never been in a golf cart before.' And we went out to the" twelfth hole. After playing the twelfth hole, Thompson parked the golf cart to the left of the green. When they got into the golf cart to return to the club house, plaintiff sat with her head turned toward Thompson. Thompson drove the cart up a small incline and with no warning to plaintiff turned the cart to the left. This ejected plaintiff from the cart, causing her injuries. Plaintiff was asked to describe the left turn. She testified, "it was sharp enough that I was ejected from the cart." She testified that she could not remember the exact degree of the turn because "it happened too quickly." She further testified:

"A   I was aware of the turn as I fell because I am just positive that the cart was going this way and I went this way at an angle. (Gesturing.)"

She further testified:

"A   I just know we were turning left and all of a sudden it was a fairly sharp turn."

[ 153 ]

In arguing their motion for an involuntary nonsuit to the court, defendants relied on *Miller v. Robinson,* 241 Md 335, 216 A2d 43, 17 ALR3d 1425 (1966). In ruling on defendants' motion, the court stated:

"* * * As far as I am concerned, his case is on all fours and I am going to allow the motion, your motion for involuntary nonsuit."

About the only similarity between *Miller* and the case at bar is that both cases involve an accident where the plaintiff was thrown out of a golf cart. In *Miller* the trial court was sitting without a jury and made certain findings in favor of the defendant. The case at bar was being tried before a jury. No motion for nonsuit was allowed. The decision is not in harmony with Oregon common law, and we decline to follow it.

We conclude that plaintiff adduced sufficient evidence to require the submitting of her case to the jury on one or more of her allegations of negligence on the part of defendants. The trial court erred in entering judgment of involuntary nonsuit against plaintiff.

Reversed.